IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DAVID MARTIN CAMPBELL,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 6-12-cv-02090-AKK-TMP |
| | ) |
| **LOUIS BOYD, Warden, and** | ) |
| **THE ATTORNEY GENERAL** | ) |
| **OF THE STATE OF ALABAMA** | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

The magistrate judge filed a report on April 26, 2013, recommending that the court dismiss David Martin Campbell's 28 U.S.C. § 2254 petition as time barred by the applicable statute of limitations. Doc. 21. Campbell does not refute that he filed this petition more than a year after his underlying conviction became final, but objects to the magistrate judge's recommendation based on his contention that claims of actual innocence and an illegal sentence are not subject to the limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). *See* doc. 22. Although the limitations period does apply to Campbell's "illegal sentence" claim, "the Eleventh Circuit has not yet decided 'whether a showing of actual innocence is an exception to the

one-year statute of limitations in AEDPA[.]'" *Charest v. Mitchem*, No. CA 10-0067-CG-C, 2013 WL 1499535, at *28 (S.D. Ala. March 8, 2013) (quoting *Ray v. Mitchem*, 272 F. App'x 807, 810 n.2 (11th Cir.), *cert. denied*, 555 U.S. 898 (2008). Instead, "it has guided courts to make the actual innocence inquiry as opposed to 'addressing the difficult constitutional question of whether the limitations period constitutes a violation of the Suspension Clause if the petitioner can show actual innocence[.]'" *Id.*(quoting *Ray*, 272 F. App'x at 810 n.2).

In this instance, however, the record fails to support the petitioner's claim of actual innocence.  Accordingly, after carefully reviewing and considering *de novo* all the materials in the court file, including the report and recommendation, the Court is of the opinion that the magistrate judge's report is due to be and hereby is **ADOPTED** and his recommendation is **ACCEPTED**.  It is therefore **ORDERED** that petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus is **DENIED** and **DISMISSED with prejudice**.

**DONE** the 30th day of July, 2013.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE